**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4162**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL BRANDON MANN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:17-cr-00022-RMG-1)

Submitted: May 2, 2019                    Decided: May 22, 2019

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Dean H. Secor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Brandon Mann pled guilty, pursuant to a conditional plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). Mann contends that the district court erroneously determined that he was non-indigent and thereby erred in imposing a mandatory $5000 special assessment under 18 U.S.C.A. § 3014 (West Supp. 2018).[1] We affirm.

Section 3014(a) provides that, "in addition to the assessment imposed under [18 U.S.C. §] 3013,[2] the [district] court shall assess an amount of $5,000 on any non-indigent person . . . convicted of [enumerated] offense[s]," including possession of child pornography. § 3014(a)(3). The $5000 special assessment "shall . . . be collected in the manner that fines are collected in criminal cases." § 3014(f); *see* 18 U.S.C. § 3572(d)(1) (2012) ("A person sentenced to pay a fine or other monetary penalty . . . shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments.").

Mann does not contest that he bore the burden of showing that he was indigent. *See United States* v. *Kelley*, 861 F.3d 790, 800 n.5 (8th Cir. 2017). We review for clear error the district court's factual finding that Mann was non-indigent and review de novo

---

[1] The district court also ordered Mann to pay $1000 in restitution. Mann does not appeal that portion of the district court's judgment.

[2] Section 3013 requires the district court to assess a special assessment of $100 on any individual convicted of a felony against the United States. 18 U.S.C. § 3013(a)(2)(A) (2012).

2

"[w]hether the district court applied the correct legal standard in assessing [Mann's] non-indigence." *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1360 (2019); *Kelley*, 861 F.3d at 801-02.

Mann contends that the district court improperly considered his future earning capacity and future ability to pay in determining that he was non-indigent for purposes of 18 U.S.C.A. § 3014(a). Two of our sister circuits have held that district courts may consider a defendant's future ability to pay in determining whether the defendant is non-indigent for purposes of § 3014(a). *Graves*, 908 F.3d at 141 ("[D]istrict courts may consider future earning capacity in determining non-indigence in this context."); *Kelley*, 861 F.3d at 801 ("[I]n the context of § 3014 indigence determinations, an analysis of both a defendant's current financial situation and his ability to pay in the future is appropriate in determining his non-indigent status." (internal quotation marks omitted)).

We have reviewed the record and conclude that the district court did not clearly err in determining that Mann failed to meet his burden of establishing his indigence under § 3014(a). Although Mann did not graduate from high school and does not have a sustained employment history, he was the primary, full time caregiver for his disabled mother, which is probative of both his physical ability to work and the skills he could use to secure and maintain employment. And although his health is marred by several maladies, Mann does not claim to be disabled. Lastly, the district court allowed Mann to make $20 monthly payments toward the $5000 special assessment without interest. In light of these facts, "we are [not] left with the definite and firm conviction" that the district court made a mistake in finding that Mann failed to meet his burden of

establishing his indigence. *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted) (describing clear error standard).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*